UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. WILLIAMSON,

    Plaintiff,

                                          Case No. 02-73238

v.

ICS INVESTMENTS, *et al.,*                       Hon. John Corbett O'Meara

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF CONSENT JUDGMENT AND/OR MOTION FOR RECONSIDERATION AND RELIEF FROM JUDGMENT

Before the court is Plaintiff's Motion for Entry of Consent Judgment and/or Motion for Reconsideration and Relief from Judgment, filed February 6, 2006. Defendant Roland Thomas submitted a response on February 8, 2006. The court will decide this matter on the briefs and without oral argument. See LR 7.1(e)(2). For the reasons set forth below, Plaintiff's motion is denied.

The parties settled this case in October 2005. Pursuant to the settlement agreement, Defendant Roland Thomas was to pay $50,000 – $10,000 by December 30, 2005, and $40,000 by September 8, 2006. The agreement provided that if Thomas is "more than ten (10) days late with respect to any payments set forth above," then Plaintiff shall have a consent judgment entered in the amount of $85,000 "plus costs of collection." Ex. A. at 2-3.

Thomas arranged for a loan to pay the first $10,000 installment. Due to the holidays, the loan was not wire transferred to the Plaintiff's law firm's trust account until January 11, 2006. Plaintiff contends that the payment was late as of January 9, 2006, ten calendar days after

December 30, 2005.  On January 9, Plaintiff submitted the consent judgment to the court for entry, and copied Defendant Thomas by regular mail.  When Defendant received the consent judgment, he faxed a letter on January 11 to the court requesting that it not be entered.  The consent judgment was entered on January 11, although it is not clear whether Defendant's correspondence had been received by the court prior to entry.

Defendant Thomas then filed a motion to set aside the consent judgment and for expedited consideration on January 18.  Thomas argues that the agreement does not specify whether the ten-day grace period was ten calendar days or ten business days as computed under Fed. R. Civ. P. 6(a).  According to Thomas, ten business days from December 30, 2005, given the New Year's holiday, is January 16.  Thomas also claims that he did not receive three days facsimile notice of the presentment of the consent judgment, as required by the settlement agreement.

The court held a hearing on Thomas's motion to set aside the consent judgment on January 26.  Plaintiff did not respond to Thomas's motion or appear at the hearing.  Based upon Thomas's papers, the court granted Thomas's motion.  Plaintiff subsequently filed a motion for reconsideration or relief from judgment on February 6.  Plaintiff's attorney contends that he did not view the notice of hearing on Thomas's motion he received by email, mistaking it for "junk."

Plaintiff argues that Thomas's first payment was late and that, pursuant to the plain terms of the settlement agreement, Plaintiff is entitled to have the consent judgment entered.  Having reviewed both parties' submissions, the court declines to enter the consent judgment.  The court finds that the agreement is ambiguous with respect to whether the ten-day grace period was intended to be ten calendar days or ten business days as computed under Fed. R. Civ. P. 6(a).

Thus, arguably, Thomas's first payment was timely.  Further, although Plaintiff contends that "time was of the essence" with respect to the payment schedule, Plaintiff has not identified how he was prejudiced by receiving the $10,000 payment two days late, as he claims.

Therefore, IT IS HEREBY ORDERED that Plaintiff's February 6, 2006 Motion for Entry of Consent Judgment and/or Motion for Reconsideration and Relief from Judgment is DENIED.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  February 15, 2006